ROBERT J. MALLOY, ESQUIRE (RM9222)
Robert J. Malloy, Esquire P.C.
2 North Maple Avenue
Marlton, New Jersey 08053
(856) 596-2225
ecf.rjmalloylaw@gmail.com
Attorneys for South Jersey Federal Credit Union

|  |  |  |
|---|---|---|
| IN RE | : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
|  | : |  |
| SCHEMELIA, MARGARET |  | CASE NO. 19-15830-JNP |
| Debtor. | : | CHAPTER 13 |
|  | : | Honorable Jerrold N. Polusny, Jr. |
|  | : | Hearing Date:  August 27, 2019 |
|  | : |  |

## MEMORANDUM OF LAW IN SUPPORT OF CREDITOR'S MOTION FOR SANCTIONS

Creditor, South Jersey Federal Credit Union ("the Credit Union"), by and through its counsel, respectfully submits the following Memorandum of Law in support of the Creditor's Motion for Sanctions against Debtor's attorney, Mark W. Ford, Esquire, pursuant to Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105, 28 U.S.C. § 1927, and the court's inherent powers.

Mr. Ford's filing of the within Chapter 13 Bankruptcy on behalf of the Debtor represents a substantial abuse of the bankruptcy process.  The bankruptcy filing was not made in good faith, as Mr. Ford was aware that the Debtor's residence had been foreclosed upon by the Credit Union, and that the Debtor had no remedy for the foreclosure in either state law or bankruptcy law.  The Petition and Plan were filed to delay and hinder the Credit Union and without any hope of reorganization.

## STATEMENT OF FACTS

The statements set forth in the Certification in Support of Creditor's Motion for Sanctions, filed of even date herewith, are referenced and incorporated herein as though set forth at length.

**LEGAL ARGUMENT**

Mr. Ford is subject to sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure, as he signed, submitted, filed, and advocated the Debtor's Voluntary Petition and Chapter 13 Plan for improper purposes, to cause unnecessary delay to the Credit Union. He is additionally subject to sanctions as the contents of the Voluntary Petition and the Chapter 13 plan did not have evidentiary support, were in bad faith, and had no support in applicable law, and did not hold forth any hope of successful reorganization.

1. **Authority to Sanction**

    Rule 9011 (b) of the Federal Rules of Bankruptcy Procedure states:

    > By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
    >
    > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
    >
    > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
    >
    > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    >
    > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. Fed. R. Bankr. P. 9011(b).

    Rule 9011(c) provides that, if the court determines that section (b) has been violated, it may impose sanctions "upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Bankr. P. 9011 (c).

Rule 9011 sanctions are imposed where a debtor's petition has been filed for the sole purpose of delaying or hindering creditors or where the petition is filed in bad faith. In re Bourroughs, No. 00-20381, 2000 WL 1835304, 240 F.3d 1074, *1-2 (5th Cir. Nov. 30, 2000); In re Silberkraus, 336 F.3d 864, 871 (9th Cir. 2003). Such filings may also be sanctionable where the filing attorney knew, or was in a position to know, that the filing was in bad faith (In re MRL Residential Leasing, Inc., 1997 WL 453163, 121F.3d 709, *3 (6th Cir. Aug. 8, 1997)); where the petition was filed with no hope of reorganization (In re Coones Ranch, Inc., 7 F.3d 740, 742 (8th Cir. 1993) , and where the purpose of the bankruptcy filing was to delay and hinder a single creditor .

The Court also has the power to sanction Mr. Ford under the Bankruptcy Code and its own inherent powers. Under § 105(a), the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of Title 11. 11 U.S.C. § 105(a). The imposition of sanctions upon an attorney whose actions constitute an abuse of the bankrupty process falls within these broad powers. Sanctions have been found to be appropriate where, as here, an attorney files a petition which shows no actual prospect of reorganization. *See, e.g.,* In re Courtesy Inns, Ltd., 40 F.3d 1084, 1089-90 (10th Cir. 1994).

Sanctions may also be imposed under 28 U.S.C. § 1927, which states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

**2.     The Debtor's Counsel's conduct in filing the Voluntary Petition and Chapter 13 Plan herein is sanctionable, as they were filed in bad faith, without there being evidentiary support or legal basis for the contents of the Voluntary Petition and the Plan, and to cause unnecessary delay to the Credit Union, rather than with any hope of reorganization.**

As more fully set forth in the Certification attached hereto and incorporated herein, the Credit Union had completed its foreclosure proceeding prior to the Petition Date. The Real Property had been

sold at sheriff's sale; the applicable redemption period had expired, and the sheriff's deed had been duly delivered and recorded in the Camden County Clerk's office, all before Mr. Ford prepared and filed the Voluntary Petition and Plan. The Debtor no longer had any right to redeem the mortgage on the Real Property under New Jersey law. Nor could the Debtor redeem the Real Property under bankruptcy law. In re Connors, 497 F.3d 314 (3d Cir. 2007), the United States Court of Appeals, Third Circuit, resolved the question of whether a Chapter 13 debtor was able to redeem a foreclosed property after foreclosure sale and stated that "under the unambiguous language of [11 U.S.C. § 1322(c)(1)](#), a Chapter 13 debtor does not have the right to cure a default on a mortgage secured by the debtor's principal residence between the time the residence is sold at a foreclosure sale and the time the deed is delivered." In re Connors, 497 F.3d 314, 321. Thus, in order to have any right to redeem the mortgage on the Real Property, the Debtor would have had to file the Voluntary petition within the period between the sheriff's sale and the delivery of the deed.

By the time the Debtor or her agent retained Mr. Ford to discuss bankruptcy proceedings, the applicable redemption period had already expired. The Debtor had not redeemed the Real Property, and the sheriff's deed had been delivered and recorded. A Writ of Possession had been issued, and the Debtor's eviction from the Real Property was pending. Mr. Ford was aware of these facts, having contacted the Credit Union's attorney before filing the Voluntary Petition and Plan.

Nonetheless, when Mr. Ford prepared and filed the Voluntary Petition and Plan, he knowingly mischaracterized the Real Property as being an asset of the Debtor's bankruptcy estate, with only the Debtor having an ownership interest therein. There was absolutely no evidence to support the claim that the Real Property was owned by the Debtor. Again, in the Plan, Mr. Ford represented to the Court that the Debtor's plan of reorganization would include "loan modification with respect to mortgage encumbering property" (Plan, Section 1(c)) and "curing default and maintaining payments on principal residence" (Plan, Section 4 (a). This representation was knowingly inaccurate and made in bad faith, as neither loan modification nor curing default was available to the Debtor, as a matter of law, on the Petition Date. (Even if the Debtor had some legal basis for such a proposal, the Plan commitment amount

of $200 was insufficient to cover such an obligation, and the Debtor's Schedules I and J indicated that the Debtor had a <u>negative</u> monthly  was, in fact, not able to meet even the Plan commitment amount.

Since the Petition and Plan had no legal basis, no evidentiary support, and frankly, no way for the Debtor to meet the very modest obligations set forth therein, the filing of the Petition and Plan can only be characterized as a bad-faith filing by Mr. Ford.

Though not precedential, the opinion filed on January 30, 2012 by the Hon. Judith H. Wizmur in <u>In Re: Antonietta Antonelli d/b/a Westville Holdings, Inc.</u>, 11-20255-JHW, is instructive in this instance. The facts are similar, in that Ms. Antonelli, represented in that proceeding by Mr. Ford, sought to avoid foreclosure through a Chapter 13 filing. However, the plan of reorganization proposed was unfeasible; the debtor's petition and schedules did not show verifiable income adequate to meet the proposed plan obligations, and the foreclosing creditor appeared to be the sole substantive creditor of the bankruptcy estate. Based on the filing of "an unreasonable and bad-faith bankruptcy, and by following up with meritless pleadings", this Court found that sanctions under Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105, 28 U.S.C. § 1927, and the Court's own powers, were appropriate.

The facts in the case at bar support the imposition of sanctions. In <u>Antonelli</u>, the bankruptcy proceeding, although filed without an actual hope of reorganization, did at least refer to a property which the debtor had the legal ability to redeem. Here, the Debtor does not have any right to redeem the Real Property, nor did the pleadings show that Debtor has the ability to complete the proposed Plan. Mr. Ford's behavior in filing the Voluntary Petition and the Plan is particularly culpable in the present case, as he had contacted the Credit Union's counsel prior to filing and had been advised of the circumstances. He also characterized his own client as being of unsound mind in correspondence to the Credit Union's counsel after the Voluntary Petition was filed, which raises grave doubts about his good faith in undertaking the Debtor's representation in the first place.

Here, Mr. Ford's bad-faith filing of the Voluntary Petition and Plan did result in the "unreasonable" and "vexatious" increase of proceedings, both in this Court, where the Credit Union was obliged to file an Objection to Confirmation and to file a Motion for Relief from Automatic Stay to

pursue its rights with regard to real property <u>which the Debtor did not own</u>. and in the Superior Court of the State of New Jersey, where the Credit Union was obligated to postpone execution of the Writ of Possession duly issued for the Real Property, pending resolution of the Motion for Relief.

For the foregoing reasons, the Credit Union requests that this Court impose sanctions against Debtor's counsel, Mark W. Ford, Esq., under Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105, 28 U.S.C. § 1927, and the Court's own powers, to compensate the Credit Union for the expenses incurred by the Credit Union as a result of Mr. Ford's conduct including, without limiting, attorney's costs and fees related to the bankruptcy proceeding, the Objection to Confirmation and Motion for Relief filed on the Credit Union's behalf, this Motion, and for such other and further relief as this Court shall find appropriate.

    Respectfully submitted,

                              ROBERT J. MALLOY, ESQ. P.C.
                              Counsel for South Jersey Federal Credit Union

                              By: <u>/s/ ROBERT J. MALLOY, ESQ.</u>

Dated: August 6, 2019