ROBERT J. MALLOY, ESQUIRE (RM9222)
Robert J. Malloy, Esquire P.C.
2 North Maple Avenue
Marlton, New Jersey 08053
(856) 596-2225
ecf.rjmalloylaw@gmail.com
Attorneys for South Jersey Federal Credit Union

| | | |
|---|---|---|
| IN RE | : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| | : | |
| SCHEMELIA, MARGARET | | CASE NO. 19-15830-JNP |
| | : | CHAPTER 13 |
| Debtor. | | |
| | : | Honorable Jerrold N. Polusny, Jr. |
| | : | Hearing Date: August 27, 2019 |
| | : | |

**CERTIFICATION IN SUPPORT OF CREDITOR'S MOTION FOR SANCTIONS**

Robert J. Malloy, Esquire, hereby certifies as follows:

1. I have represented South Jersey Federal Credit Union (the Credit Union) in the within bankruptcy proceeding and in the foreclosure proceeding in the Superior Court of New Jersey which preceded the bankruptcy proceeding, as more fully set forth below, and, as such, have knowledge of the facts set forth herein.

2. On or about January 24, 2011, the Debtor obtained a secured mortgage loan from the Credit Union in the original principal amount of $80,000.00 and bearing interest at an annual rate of 6.99% (the " Loan"), which was secured by a mortgage dated January 24, 2011 (the "Mortgage") encumbering real property located at 808 Mercer Street, Gloucester, New Jersey 08030 and more particularly described as Block 13, Lot 5 on the Tax Map of the City of Gloucester, Camden County, New Jersey (the "Real Property"). the Credit Union perfected its lien by recording the Mortgage with the Camden County Clerk's Office on February 3, 2011, as File Number 2011008554, at Book 9369, beginning at Page 81, all as more fully set forth in the Credit Union's filed Proof of Claim No. 3, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

3. As set forth in the Certification of Ryan Harris in support of the Motion for Relief herein (ECF #16), which is referenced herein and incorporated herein, the Debtor defaulted under the terms of her Mortgage with the Credit Union by failing to pay property taxes and sewer assessments due and owing on the Property.

4. As a result of Debtor's failure to pay property taxes and sewer assessments, the Credit Union paid these outstanding amounts to project its lien against the Real Property. Thereafter, brought a foreclosure action in the Superior Court of New Jersey, Docket No. SWC-F-0313949-16. The Complaint in Foreclosure was filed on May 18, 2016.

5. As more fully set forth in the Objection to Confirmation filed herein as ECF # 13, the Motion for Relief filed herein as ECF #16, and the Certification in Response to Debtor's Opposition filed herein as ECF#22, the Debtor did not file an answer to the Complaint in Foreclosure or otherwise defend or appear in the foreclosure action.

6. As more fully set forth in the Objection to Confirmation filed herein as ECF #13, the Motion for Relief filed herein as ECF #16, and the Certification in Response to Debtor's Opposition filed herein as ECF#22, on November 19, 2018, the Superior Court of New Jersey issued a Final Judgment in favor of the Credit Union , in the amount of $93,054.34. A true and correct copy of the Final Judgment and the accompanying Writ of Execution are attached hereto and incorporated herein as Exhibit B.

7. Although the Debtor made some payments during the foreclosure process, the Debtor failed to redeem the mortgage by paying the full amount due and owing under the Final Judgment-- $93,054.34 plus taxed costs.

8. The Property was sold to the Credit Union at sheriff's sale on February 6, 2019. The Credit Union thereupon assigned its bid to 1617 Properties, LLC. Thereafter, by Sheriff's Deed dated February 15, 2019, the Property was conveyed to 1617 Properties, LLC. A true and correct copy of the Sheriff's Deed is attached hereto and incorporated herein as Exhibit C.

9.  The Debtor did not file an objection to the sheriff's sale within the ten (10) day period set forth by the New Jersey Rules of Court 4:65-5; nor did Debtor exercise her right to redeem the mortgage during this ten (10) day period.

10. The Debtor did not file for bankruptcy protection within this ten (10) day period.

11. Thereafter, on February 26, 2019, the Sheriff's deed was transmitted to the Camden County Clerk's office for recording. Exhibit C.

12. The Sheriff's Deed was recorded on March 19, 2019 in the Camden County Clerk's office as File Number 2013020263, in Deed-OR Book 11094, Page 1149. Exhibit C.

13. A Writ of Possession for the Property was issued on February 22, 2019. A true and correct copy of the Writ of Possession is attached hereto and incorporated herein as Exhibit D.

14. As more fully set forth in the Objection to Confirmation filed herein as ECF #13, the Motion for Relief filed herein as ECF #16, and the Certification in Response to Debtor's Opposition filed herein as ECF#22, the Debtor entirely failed to exercise her right to redeem during the applicable redemption period. Nor did the Debtor file bankruptcy or make any attempt to redeem the foreclosure during the applicable redemption period.

15. The Debtor did not file bankruptcy until March 22, 2019 (the "Petition Date")—after the Credit Union and its assignee had obtained a Writ of Possession regarding the Property and after the Sheriff's Deed was delivered and recorded in the land records of Camden County.

16. The foreclosure of the Property was completed, the Property was conveyed, and a Writ of Possession had been entered prior to the filing of the Debtor's Voluntary Petition herein.

17. The Debtor's time period in which to exercise her right of redemption (by paying the full amount due under the Final Judgment) expired prior to the filing of the Debtor's Voluntary Petition herein.

18. On or about March 13, 2019, after the redemption period had expired, Debtor, or Debtor's representative, on information and belief, contacted Mark W. Ford, Esquire regarding the Property. Mr. Ford thereafter contacted my office to discuss the matter and was informed of the foreclosure, the Final Judgment, and the transfer of the Property to a third party.

19.     Despite having knowledge that the Sheriff's Deed had been executed on February 15, 2019 and recorded on March 19, 2019, and that the redemption period had expired, Mr. Ford filed the Voluntary Petition and a Chapter 13 Plan on Debtor's behalf on March 22, 2019.

20.     Despite Mr. Ford's knowledge that the Property had been transferred and could not be redeemed, he listed the Property on Schedule A of the Debtor's Voluntary Petition as solely owned by the Debtor and having a value of $35,000.00.  He also attempted to claim an exemption of $23,675.00 in the Property on Schedule C.

21.     The Chapter 13 Plan indicated that the Debtor would "cure arrears and maintain payments on principle residence."  However, the Chapter 13 Plan offered absolutely no proposed figures in support of this undertaking.

22.     As more fully set forth in the Credit Union's Objection to Confirmation (ECF Document #13 herein), the Debtor's Plan was prima facie unfeasible, for the following reasons, inter alia: (a) the Property had already been finally foreclosed on and transferred by recorded Sheriff's deed and could no longer be redeemed; (b) the Debtor's Schedules I and J indicated that the Debtor had insufficient income to make the payments due under the Plan (in fact, a negative income); and (c) the Plan itself required only a monthly payment of $200.00, which was entirely inadequate to pay the Credit Union's claim.

23.     After filing the Debtor's Plan, Mr. Ford on March 25, 2019 sent a letter of representation to my offices, in which he suggested that the Debtor was not of sound mind and suggested that the Credit Union enter into a consent order permitting the Debtor to reinstate the loan and to make payments on the arrears through the Plan.  <u>Letter has not been filed as an Exhibit, but will be produced in camera</u>.  This offer again ignored the fact that the Property had been transferred and that redemption of the Mortgage was no longer available to the Debtor.

24.     The Credit Union filed an Objection to Confirmation of the Plan as ECF Document #13 herein, which set forth in detail the reasons why the Debtor's plan was unfeasible.  The Objection and its supporting exhibits are attached hereto and referenced herein as though set forth in full.  <u>Exhibit E</u>.

25. The Objection and its supporting exhibits clearly showed that the Property had been transferred by recorded deed and that redemption was not available to the Debtor.

26. The Debtor's Confirmation Hearing has not yet occurred, nor has the Meeting of Creditors taken place.

27. In order to proceed with its rights and remedies with regard to the Property (which is no longer owned by the Debtor), the Credit Union was obliged to retain my office to represent them in connection with the bankruptcy, including filing a Motion for Relief with respect to the Property (ECF Document #16 herein).

28. Mr. Ford thereafter filed Opposition (ECF Document #18 herein) on June 28, 2019 to the Credit Union's Motion, which contained the false and misleading statement that the Debtor was "not aware" of the default which lead to the foreclosure of the Mortgage. At the same time, Mr. Ford filed an Amended Schedule I, which indicated a heretofore undisclosed "daughter contribution to household" in the amount of $3800.00 per month. However, no documentation was provided to substantiate this contribution. Nor is the daughter listed as a co-obligor of the foreclosed Mortgage.

29. As a result, the Credit Union was obliged to file additional Support for its Motion (ECF Document #22 herein) and was further obliged to have counsel attend the hearing held on the Motion for Relief on July 9, 2019.

30. The Credit Union was granted relief from stay and an Order to that effect was entered as ECF Document #23 on July 10, 2019.

31. On information and belief, both before and after the filing of the Voluntary Petition, Mr. Ford was aware that his client was not in fact in title to the Property and that the redemption period for the Mortgage had expired.

32. On information and belief, Mr. Ford nonetheless intentionally, and in bad faith, included the Property in the Debtor's bankruptcy filings solely as a delay tactic with the express goal of preventing the Credit Union from exercising its rights with regard to the Property.

33. On information and belief, Mr. Ford acted in bad faith by filing an completely unfeasible Plan on behalf of the Debtor.

34. On information and belief, Mr. Ford acted in bad faith by filing the Opposition on behalf of Debtor containing a patently false statement made "under penalty of perjury".

35. On information and belief, Mr. Ford's bad faith conduct has unreasonably and vexatiously multiplied the proceedings in the within case.

36. On information and belief, Mr. Ford's bad faith conduct has resulted in the Credit Union incurring additional and unnecessary expenses, including, without limiting, excess carrying costs for the Property from March 29, 2019 to the present; attorney's fees and court costs necessary to represent the Credit Union's interests in the within bankruptcy proceeding; and additional fees and costs necessitated by the delay of the execution of the Writ of Possession issued for the Property.

37. On information and belief, Mr. Ford's bad faith conduct constitutes an abuse of the bankruptcy process.

38. Accordingly, the Credit Union respectfully requests that this Court impose sanctions against Mr. Ford pursuant to Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105, 28 U.S.C. § 1927, and the court's inherent powers.

I certify under penalty of perjury that the foregoing statements made by me are true and correct.

ROBERT J. MALLOY, ESQ. P.C.
Counsel for South Jersey Federal Credit Union

By: /s/ ROBERT J. MALLOY, ESQ.

Dated: August 6, 2019

**CERTIFICATE OF SERVICE**

     I, Robert J. Malloy, Esquire hereby certify that I caused true and correct copies of the within Certification and this Certificate of Service to be served upon the following persons via E-filing and United States mail, first class, postage prepaid on August 2, 2019, as follows:

| | |
|---|---|
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>538 Route 38, Suite 580<br>Cherry Hill, NJ 08002<br>Trustee | Mark W. Ford, Esquire<br>Law Offices of Mark W. Ford, LLC<br>PO Box 110<br>4 ½ North Broadway<br>Gloucester City, NJ 08030 |

Margaret Schemelia
Debtor
808 Mercer Street
Gloucester, NJ 08030

                                                  /s/ Robert J. Malloy, Esq.