# U.S. Bankruptcy Court

## District of New Jersey

Notice of Electronic Claims Filing

The following transaction was received from Malloy, Robert on 5/30/2019 at 11:31 AM EDT

File another claim

| | |
|---|---|
| **Case Name:** | Margaret Schemelia |
| **Case Number:** | 19-15830-JNP |
| **Creditor Name:** | South Jersey Federal Credit Union |
| | 1615 Hurffville Road |
| | Woodbury, NJ 08096 |
| **Claim Number:** | 3     Claims Register |

**Amount Claimed:** $114184.12
**Amount Secured:** $114184.12
**Amount Priority:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**05-30-19 Proof of Claim.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-0] [9fc4f7b46c1f3e291d89b052d196343f37eaeb7584db18e3d10364bdeeac621899 f73d363b82e80fb10a1d0add8233211043b6c6cf380c6812ad720a1cd972fe]]
**Document description:**Certification
**Original filename:**C:\fakepath\05-30-19 Certification In Support of Proof of Claim.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-1] [000c695ae5c7402e01f2f9bead9ac687a3b8b1dc4086325f0b722170b0c237c688 9e77b6db6f7d38b9f05e7c47873bafba4b2ad7198efc7173517e9680492579]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit A Note & Mortgage.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-2] [74b0239a5b5952e50c37db94b25eda7dfb1fbe6b51b1013f0501ce326554ed077e 23407544d64968bffae03b8ead947d7db5ba55bbbde8bda4a6c4b019976b08]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit B Final Judgment and Writ.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-3] [36a4c89a76bbc1763d6c204dd1444a1982b803b78b5c8214ad3d9f7a0a774a20b1 d9d2ad7f4a6b82e2cc518adca7ea21aaf3b5fd5af7e6299e8b1922cef49fa4]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit C Recorded Sheriff's Deed.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-4] [59810516772444c1fcd7c0a6d2c189538ba120eaaaad8416a08a47c95b2cfc6bf8 ffea344afebaa5b143d88da9ebe89de3e3232e8af4874fb3d29e548a4cfbc2]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit D Tax Bill.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-5] [475d885f5fbe9f494abc268628ef241570f0f3ded8d1701d1bb9576221da3a28a1 e4f6529b1d92b41d739f7a4a1ea681e4efc59cb5cd61d0b8b88fde7b93fac0]]
**Document description:**Schedule

**Original filename:**C:\fakepath\05-30-19 Mortgage Proof of Claim Attach.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=5/30/2019] [FileNumber=53711415-6] [7cd53595b9ad1fda9acda820722c552e09394707817228be8e2111ee688bec46e9 f1636176ddaa4a3e813b16f94909443bdc36f949f4321951ff1188c9c86e42]]

**19-15830-JNP Notice will be electronically mailed to:**

Isabel C. Balboa
ecfmail@standingtrustee.com, summarymail@standingtrustee.com

Mark W Ford on behalf of Debtor Margaret Schemelia
markfordlaw@juno.com

Robert J. Malloy on behalf of Creditor SJFCU
ecf.rjmalloylaw@gmail.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**19-15830-JNP Notice will not be electronically mailed to:**

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

## Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number      Street

City                    State              ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number      Street

City                    State              ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____      Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

6. **Do you have any number you use to identify the debtor?**

  ☐ No

  ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**     $_____. **Does this amount include interest or other charges?**

          ☐ No

          ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

  Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

  Limit disclosing information that is entitled to privacy, such as health care information.

  _____

9. **Is all or part of the claim secured?**

  ☐ No

  ☐ Yes. The claim is secured by a lien on property.

      **Nature of property:**

      ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

      ☐ Motor vehicle

      ☐ Other. Describe: _____

      **Basis for perfection:** _____

      Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

      **Value of property:**                  $_____

      **Amount of the claim that is secured:**       $_____

      **Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

      **Amount necessary to cure any default as of the date of the petition:**     $_____

      **Annual Interest Rate** (when case was filed)_____%

      ☐ Fixed

      ☐ Variable

10. **Is this claim based on a lease?**

  ☐ No

  ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

11. **Is this claim subject to a right of setoff?**

  ☐ No

  ☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State          ZIP Code |
| Contact phone | _____     Email  _____ |

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | Part 3: Arrearage as of Date of the Petition | Part 4: Monthly Mortgage Payment |
|---|---|---|---|
| Case number: 19-15830-JNP | Principal balance: 93054.34 | Principal & interest due: 93054.34 | Principal & interest: 625 |
| Debtor 1: Margaret Schemelia | Interest due: | Prepetition fees due: 1939.74 | Monthly escrow: |
| Debtor 2: | Fees, costs due: 1939.74 | Escrow deficiency for funds advanced: 19190.04 | Private mortgage insurance: |
| Last 4 digits to identify: 7 3 5 7 | Escrow deficiency for funds advanced: 19190.04 | Projected escrow shortage: | Total monthly payment: 625 |
| Creditor: South Jersey Federal Credit Union | Less total funds on hand: − | Less funds on hand: − | |
| Servicer: | Total debt: 114184.12 | Total prepetition arrearage: 114184.12 | |
| Fixed accrual/daily simple interest/other: | | | |

### Part 5 : Loan Payment History from First Date of Default

Please see Certification in Support of Proof of Claim, attached.  The balance set forth here comprises the $93,054.34 plus costs in the amount of $1,939.74 due under a Final Judgment in foreclosure and the $19,190.04 paid post-foreclosure on the Debtor's account for property taxes and assessments, which, if the Mortgage had not been foreclosed, would have been added to the amount secured by the lien of the Mortgage.

ROBERT J. MALLOY, ESQUIRE (RM9222)
Robert J. Malloy, Esquire P.C.
2 North Maple Avenue
Marlton, New Jersey 08053
(856) 596-2225
ecf.rjmalloylaw@gmail.com
Attorneys for South Jersey Federal Credit Union

| | : | UNITED STATES BANKRUPTCY COURT FOR |
|---|---|---|
| IN RE | | THE DISTRICT OF NEW JERSEY |
| | : | |
| SCHEMELIA, MARGARET | | CASE NO. 19-15830- JNP |
| | : | CHAPTER 13 |
| Debtor(s). | : | Honorable Jerrold N. Poslusny, Jr. |
| | : | |
| | : | |

## CERTIFICATION IN SUPPORT OF PROOF OF CLAIM

Robert J. Malloy, Esq., of full age, certifies as follows:

1.     I am counsel for Creditor South Jersey Federal Credit Union ("Credit Union") and am personally familiar with all of the facts set forth in this Certification.

2.     The Credit Union is a federal credit union organized in accordance with the provisions of the Federal Credit Union Act (the "Act"), 12 U.S.C §1751 *et seq.*

3.     The Debtor is a member of the Credit Union.

4.     On or about January 24, 2011, the Debtor approached the Credit Union for the purposes of obtaining a mortgage loan in the original principal amount of $80,000.00 and bearing interest at an annual rate of 6.99% (the "Loan") secured by certain real property located at 808 Mercer Street, Gloucester, NJ 08030 and more particularly described as Block 13, Lot 5 on the Tax Map of the City of Gloucester, Camden County ("Property").

5.     In connection with the Loan, the Debtor(s) executed a LOANLINER Loan and Security Agreements and Disclosure Statement (the "Note") and a Mortgage (the "Mortgage") in favor of the

1

Credit Union.  Attached hereto and fully incorporated herein as <u>Exhibit A</u> are true and correct copies of the Note and Mortgage.

6.      The Mortgage was recorded on February 3, 2011, as File Number 2011008554, at Book 9369, beginning at Page 81.

7.      The regular monthly payment due and owing from the Debtor to the Credit Union, pursuant to the Note, was $625.00. <u>Exhibit A</u>.

8.      Thereafter, the Debtor failed to pay the property taxes and water and sewer assessments due and owing on the Property, which constituted a default under the terms of the Mortgage.  <u>Exhibit A</u>.

9.      As a result of the Debtor's default, the Credit Union brought a foreclosure action against the Property in the Superior Court of New Jersey, Docket No. SWC-F-013949-16.

10.     On November 19, 2018, the Superior Court of New Jersey issued a Final Judgment in foreclosure in favor of the Credit Union, in the aggregate amount of $93,054.34, plus costs in the amount of $1,939.74.  A true and correct copy of the Final Judgment and the accompanying Writ of Possession are attached hereto and incorporated herein as <u>Exhibit B</u>**.**

11.     The Property was placed for sheriff's sale, but was not purchased by any bidder.

12.     Thereafter, by Sheriff's Deed dated February 15, 2019, the Property was conveyed to 1617 Properties, LLC.  The Sheriff's Deed was recorded on March 19, 2019 in the Camden County Clerk's office as File Number 2019020263, in Deed-OR Book 11094, Page 1149.  A true and correct copy of the recorded Sheriff's Deed is attached hereto and incorporated herein as <u>Exhibit C</u>.

13.     New Jersey Rules of Court 4:65-5 states, in pertinent part, "A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within10 days after the sale or at any time thereafter before the delivery of the conveyance."

14.     The Debtor did not file any objection to the sheriff's sale within the 10 days after the sale or "at any time thereafter before the delivery of the conveyance", which was made on February 19, 2019.

15. The Debtor filed the instant bankruptcy proceeding on March 22, 2019 (the "Petition Date"), over a month after the delivery of the Sheriff's Deed and after the expiration of any redemption period available to the Debtor.

16. In addition to the $93,054.34 plus costs in the amount of $1,939.74 due and owing from Debtor to the Credit Union pursuant to the Final Judgment of Possession, the Credit Union was obliged to incur an additional $19,190.04 in expenses to pay the property taxes and assessments due and owing on the Property which accrued during the pendency of the foreclosure action. A true and correct copy of the Debtor's tax bill for the Property, paid on March 5, 2019, is attached hereto and incorporated herein as Exhibit D.

17. The Credit Union asserts that the Debtor improperly scheduled the Property as an asset of the Debtor's bankruptcy estate, as the foreclosure of the Mortgage upon the Property had been prosecuted to final judgment, a Sheriff's Deed had been properly delivered and recorded prior to the Petition Date, and the applicable redemption periods had expired prior to the Petition Date.

18. The Debtor is no longer in title to the Property.

19. The Credit Union asserts that the foreclosure of the Mortgage and the conveyance of the Property may not be set aside through this bankruptcy proceeding.

20. The attached Proof of Claim is filed in the alternative, and without waiving any of the foregoing facts regarding the foreclosure and the conveyance of the Property or any of the Credit Union's legal assertions in the within matter.

21. If the Mortgage had not been foreclosed and the Property subsequently conveyed, the monthly payment due and owing from Debtor would have been $625.00. Exhibit A.

22. The total amount stated on the attached Proof of Claim is $114,184.12, comprising the $93,054.34 plus costs in the amount of $1,939.74 due under the Final Judgment in foreclosure and the $19,190.04 paid post-foreclosure on the Debtor's account for property taxes and assessments, which, if

the Mortgage had not been foreclosed, would have been added to the amount secured by the lien of the Mortgage.

ROBERT J. MALLOY, ESQ. P.C.
Counsel for South Jersey Federal Credit Union


By: /s/ ROBERT J. MALLOY, ESQ.

Dated: May 30, 2019



**South Jersey**
Federal Credit Union
1615 Hurffville Road • P.O. Box 5530
Deptford, NJ 08096-5530
(856) 232-9000



# NOTE AND DISCLOSURE STATEMENT

| BORROWER NAME (Last - First - Middle Initial) AND ADDRESS (Street - City - State - Zip Code) | DATE | ACCOUNT NUMBER | NOTE NUMBER |
|---|---|---|---|
| MARGARET SCHEMELIA | 1.24.11 | | 2 |
| 808 MERCER STREET | CONTRACT NUMBER | REFERENCE NUMBER | MATURITY DATE |
| GLOUCESTER, NJ 08030 | | | 08/15/2030 |

In this agreement "you", "your", or "I" mean each person who signs this agreement. The credit union whose name appears above and anyone who takes this Note by transfer and is entitled to receive payments under this Note will be called the "Note Holder." The terms on page 2 are part of this agreement.

## TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all payments as scheduled. | Prepayment: If you pay off early you will not have to pay a penalty. |
|---|---|---|---|---|
| 6.99 % | $66839.60 | $80000.00 | $146839.60 | *e means an estimate* |

| Your<br>Payment<br>Schedule<br>will be: | Number of Payments | Amount of Payments | When Payments Are Due | Property Insurance: You may obtain property insurance from anyone you want that is acceptable to the credit union. If you get the insurance from the credit union you will pay<br>$ |
|---|---|---|---|---|
| | 234 | $ 625.00 Monthly | Beginning 02/15/2011 | |
| | 1 | $ 589.60 | 08/15/2030 | |

**Security:** You are giving a security interest in your real estate. You are giving a security interest in your shares and/or deposits in the credit union; and ☐ the goods/property being purchased; ☐ Other (Describe)

**Late Charge:**

An account that is delinquent 20 days or more will be charged a late charge of 20% of the interest due, miniumum 5 cents.

**Itemization of the Amount Financed:** You have the right to receive at this time an itemization of the Amount Financed. ☐ You want an Itemization. ☐ You do not want an Itemization.

Filing Fees
$ 0.00

**See your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.**

You are not required to complete this agreement merely because you have received these disclosures or signed a loan application.

© CUNA MUTUAL GROUP, 1991, 2008 ALL RIGHTS RESERVED

| South Jersey Federal Credit Union | | MARGARET SCHEMELIA | | | Date |

# NOTE

| PROPERTY ADDRESS | | CITY | STATE | ZIP CODE |

808 MERCER ST                                    GLOUCESTER NJ 08030

**1. BORROWER'S PROMISE TO PAY** -- In return for a loan that I have received, I promise to pay U.S. $80000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is

South Jersey Federal Credit Union

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST** -- I will pay interest at a yearly rate of 6.99%. Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid.

**3. PAYMENTS** -- I will pay principal and interest by making payments Monthly of U.S. $ 625.00 . I will make my payments beginning on 02/15/2011 and at the frequency stated earlier until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on 08/15/2030 , I still owe amounts under this Note, I will pay all those amounts, in full, on that date. I will make my payments at

South Jersey Federal Credit Union
1615 Hurffville Road
Deptford, NJ 08096

or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED -- (A) Late Charge for Overdue Payments:**

An account that is delinquent 20 days or more will be charged a late charge of 20% of the interest due, miniumum 5 cents.

**(B) Notice From Note Holder:** If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default:** If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses:** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE OR DEED OF TRUST** -- In addition to the protections given to the Note Holder under this Note, a Mortgage or Deed of Trust, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage or Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE** -- I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS** -- I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES** -- Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE** -- If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Borrower MARGARET SCHEMELIA

X *Margaret J Schemelia*

Borrower
X

Borrower
X

Borrower
X



**South Jersey**
Federal Credit Union

1615 Hurffville Road • P.O. Box 5530
Deptford, NJ 08096-5530
(856) 232-9000



HOME EQUITY SYSTEM

# Notice of Right to Cancel

☐ **NOTICE OF YOUR RIGHT TO CANCEL - Open End**

☐ **ESTABLISHING AN ACCOUNT**   The credit union has agreed to establish an open-end credit account for you, and you have agreed to give the credit union a (mortgage/deed of trust) (on/in) your home as security for the account. You have a legal right under federal law to cancel the account, without cost, within three business days after the latest of the following events:

1. the opening date of your account which is _____; or
2. the date you received your Truth in Lending disclosures; or
3. the date you received this notice of your right to cancel the account.

If you cancel the account, the (mortgage/deed of trust) (on/in) your home is also cancelled. Within 20 days of receiving your notice, the credit union must take the necessary steps to reflect the fact that the (mortgage/deed of trust) (on/in) your home has been cancelled. The credit union must return to you any money or property you have given to us or to anyone else in connection with the account.

You may keep any money or property the credit union has given you until the credit union has done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address shown below. If the credit union does not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

☐ **INCREASING THE SECURITY**   You have agreed to increase the amount of the (mortgage/deed of trust) (on/in) your home that the credit union holds as security for your open-end credit account. You have a legal right under federal law to cancel the increase, without cost, within three business days after the latest of the following events:

1. the date of the increase in the security which is _____; or
2. the date you received your Truth in Lending disclosures; or
3. the date you received this notice of your right to cancel the increase in the security.

If you cancel the increase in the security, your cancellation will apply only to the increase in the amount of the (mortgage/deed of trust). It will not affect the amount you presently owe on your account, and it will not affect the (mortgage/deed of trust) the credit union already has (on/in) your home. Within 20 calendar days after the credit union receives your notice of cancellation, the credit union must take the necessary steps to reflect the fact that any increase in the (mortgage/deed of trust) (on/in) your home has been cancelled. The credit union must also return to you any money or property you have given the credit union or to anyone else in connection with this increase.

You may keep any money or property the credit union has given you until the credit union has done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address shown below. If the credit union does not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

☐ **INCREASING THE CREDIT LIMIT**   The credit union has agreed to increase the credit limit on your open-end credit account. The credit union has a (mortgage/deed of trust) (on/in) your home as security for your account. Increasing the credit limit will increase the amount of the (mortgage/deed of trust) (on/in) your home. You have a legal right under federal law to cancel the increase in your credit limit, without cost, within three business days after the latest of the following events:

1. the date of the increase in your credit limit which is _____; or
2. the date you received your Truth in Lending disclosures; or
3. the date you received this notice of your right to cancel the increase in your credit limit.

If you cancel, your cancellation will apply only to the increase in your credit limit and to the (mortgage/deed of trust) that resulted from the increase in your credit limit. It will not affect the amount you presently owe, and it will not affect the (mortgage/deed of trust) the credit union already has (on/in) your home. Within 20 calendar days after the credit union receives your notice of cancellation, the credit union must take the necessary steps to reflect the fact that any increase in the (mortgage/deed of trust) (on/in) your home has been cancelled. The credit union must also return to you any money or property you have given to the credit union or to anyone else in connection with this increase.

You may keep any money or property the credit union has given you until the credit union does the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address shown below. If the credit union does not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

© CUNA MUTUAL INSURANCE SOCIETY, 1991, 1992, 1999, 2006 ALL RIGHTS RESERVED                                    EST47B (LASER)

## ☒ NOTICE OF YOUR RIGHT TO CANCEL - Closed End

☒ **GENERAL RIGHT TO CANCEL** You are entering into a transaction that will result in a (mortgage/deed of trust) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction which is _1/24/11_ ; or
2. the date you received your Truth In Lending disclosures; or
3. the date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/deed of trust) is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/deed of trust) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

☐ **REFINANCING RIGHT TO CANCEL (REFINANCING WITH ORIGINAL CREDITOR)** You are entering into a new transaction to increase the amount of credit provided to you. Your home is the security for this new transaction. You have a legal right under federal law to cancel the new transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of this new transaction, which is _____ ; or
2. the date you received your new Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

You may keep any money we have given you in this new transaction until we have done the things mentioned above, but you must then offer to return that money at the address below. If we do not take possession of the money within 20 calendar days of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel the account/transaction designated above, you may do so by notifying the credit union in writing, at
PO BOX 5530                    DEPTFORD NJ 08096-5530
You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice no matter how you notify the credit union because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of (date) _1/27/11_ (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

X _____

Borrower/Owner of Property _____ Date _____

### ACKNOWLEDGMENT OF RECEIPT

You have received two copies of this Notice of Right to Cancel and one copy of the Truth in Lending Disclosures from the credit union and have read and understand them. If this transaction is to increase the amount of the Mortgage/Deed of Trust on/in your home or to increase your credit limit, you acknowledge that you received Truth in Lending Disclosures at the time the original account was established.

You know of no individual(s) not signing this statement who also lives in your home as his/her principal residence and has any kind of an ownership interest in that property.

MARGARET SCHEMELIA

X _Margaret J Schemelia_ _____

Borrower/Owner of Property _____ Date _____

X _____

Borrower/Owner of Property _____ Date _____

### STATEMENT OF NONCANCELLATION (Optional Section)

This section is optional:

If you decide NOT to cancel your account/transaction at the end of the three-day period described in the above Notice, please read, sign and date the following Statement. Please return this statement to the credit union at the address in the above Notice.

**Statement of Noncancellation** -- You have chosen not to cancel the account/transaction referenced in the above Notice. You understand that the credit union will allow you to receive funds in reliance on this statement.

You know of no individual(s) not signing this statement who also lives in your home as their principal residence and has any kind of ownership interest in that property.

X _____

Borrower/Owner of Property _____ Date _____

X _____

Borrower/Owner of Property _____ Date _____

© CUNA MUTUAL INSURANCE SOCIETY, 1991, 1992, 1999, 2006 ALL RIGHTS RESERVED                    EST47B (LASER)

|  |  |
|---|---|
| MORTGAGE<br><br>Margaret Schemelia<br>Borrower (s)<br><br><br>TO<br><br><br>South Jersey Federal Credit Union | RETURN TO<br><br>South Jersey Federal Credit Union<br>1615 Hurffville Road<br>PO Box 5530<br>Deptford NJ 08096<br><br><br><br>DATED: <u>January 24, 2011</u> |

To the County Officer of          County:
This Mortgage having been paid in full, you are authorized to cancel same of record.

Dated:                                    South Jersey Federal Credit Union

ATTEST:


_____        by:_____
Secretary/Assistant Secretary              President/Vice President

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
MTG-DR BOOK 09369 PG 0081
RECORDED 02/03/2011 14:25:21
FILE NUMBER 2011008554
RCPT #: 967227: RECD BY: chrisr
RECORDING FEES 70.00
MARGINAL NOTATION 0.00

4

# MORTGAGE

Prepared By: *Linda Maimone*
(Linda Maimone )

This Mortgage made on January 24, 2011 BETWEEN the borrower(s) Margaret Schemelia whose address is 808 Mercer St Gloucester NJ 08030 referred to as "I" and/or "**Borrower**" AND the Lender, South Jersey Federal Credit Union whose address is 1615 Hurffville Road, Deptford NJ, 08096 referred to as the "**Lender**".

If more than one Borrower signs this Mortgage, the word "I" shall mean each Borrower named above. The word "Lender" means the original Lender and anyone else who takes this Mortgage by transfer.

1.   **NOTE OBLIGATION** - In exchange for the loan, which I have received, I promise to pay $80,000.00 (called "Principal"), with interest in accordance with the terms of a Note dated January 24, 2011. The Note provides for monthly payments of $625.00 with interest at an annual rate of 6.99%  All terms of the Note are made part of the Mortgage.

2.   **PROPERTY DESCRIPTION** - The property mortgaged to the Lender (called the "Property") is located in the City of Gloucester, County of, Camden and the State of New Jersey, and has a street address of 808 Mercer St. The Property is also identified as Lot #5 Block #183, on the tax assessment map. The Property includes all buildings and other improvements that now are or will be located on the land, all fixtures, equipment, and personal property that now are or will be attached to or used with the land, buildings, and other improvements and all other rights which the Borrower now has or will acquire with regard to the land.  The Legal description of the Property is: (See Attached Legal Description)

3.   **SECURITY** - The purpose of this Mortgage is to give the Lender security for the payment of the Principal and Interest under the Note.  The Borrower mortgages to the Lender the Property.

4.   **DISCHARGE** - When the Borrower pays all amounts due under the Note and this Mortgage, the Lender's rights under the Note and this Mortgage shall end.  At the request and expense of the Borrower, the Lender shall cancel this Mortgage of record.

5.   **BORROWER'S OBLIGATIONS/REPRESENTATIONS** - I promise to do all the following:

(a) Comply with all of the terms of the Note and Mortgage.

(b) Make all payments required by the Note and Mortgage.

(c) I own and have the right to mortgage the Property to the Lender.  I will defend my ownership of the property against any other person's claims.

(d) Pay all taxes, assessments and other governmental charges made against the Property.  I shall not claim or be entitled to any credit against the Principal or Interest under the Note and this Mortgage for taxes paid on the Property.

(e) Maintain homeowner's adequate insurance on the Property on which the Lender's name will appear as loss payee.  If required, I will secure flood insurance.  I shall pay all premiums when due.  I shall deliver the original policies and all renewals to the Lender if so required.

1

(f) All policies of insurance shall state that the insurance company cannot cancel or refuse to renew without at least 10 days notice to the Lender. All insurance proceeds shall be paid to the Lender. In case of loss or damage the Borrower shall promptly notify the insurance company and the Lender. The Borrower shall promptly (i) file a proof of loss with the insurance company and (ii) settle the claim. If not, the Lender may do so. The Lender may use the insurance proceeds received to (i) repair and restore the Property or (ii) reduce the principal. The Lender shall use any money left after the repair and restoration to reduce the principal. This shall not change the amounts or due dates of the monthly payments under the Note. The Lender shall pay to the Borrower any money left after paying the entire principal and interest.

(g) Keep the Property in good repair, neither damaging nor abandoning it.

(h) Use the Property as required by all laws, ordinances and other requirements of any governmental authority. I shall not use or allow the Property to be used for any illegal purpose.

**6.    PAYMENTS BY LENDER** - The Lender may pay any of the following expenses of the Property when due if the Borrower does not: (a) real estate taxes, assessments, water charges, and sewer charges, (b) all other charges, (c) hazard insurance premiums, (d) repairs and maintenance, and (e) payments of claims against the property if necessary to protect the Lender's rights under this Mortgage. All payments made by the Lender shall be added to the Principal. The Borrower shall pay these amounts to the Lender on written demand. Interest shall be charged at the rate in the Note from the time of payment by the Lender.

**7.    DEFAULT** - A default occurs when I break any of the promises I made in the Note and this Mortgage. Lender may declare a default if:

(a) I do not make each payment required by the Note and Mortgage within 10 days after it should have been paid;

(b) I do not perform every promise I made in the Note and Mortgage within 10 days after the Lender **notifies me in writing**;

(c) Foreclosure proceedings are started against the Property;

(d) I file a petition in Bankruptcy; and/or

(e) Any change in the ownership of all or any part of the Property.

**8.    ACCELERATON** – If a default is declared, the Lender has the right, called acceleration, to declare the entire unpaid principal and interest under the Note and this Mortgage due immediately. The Lender's failure to declare acceleration for any cause shall not prevent the Lender from declaring acceleration for any cause occurring at a later time.

**9.    DEFAULT REMEDIES** - If the Lender declares acceleration, the Borrower shall immediately pay to the Lender the entire unpaid Principal and Interest due under the Note and this Mortgage. If the borrower does not do so, the Lender shall have all rights given to mortgage lenders by law and under this Mortgage, for example:

2

(a) To enter and take possession of the Property in a lawful way and manage the Property;

(b) To ask a court to appoint a receiver of rents of the Property. The Borrower consents to the appointment of a receiver;

(c) To start a court action known as foreclosure to take away all of the Borrower's rights in the Property and to have the Property sold. A foreclosure sale is a court-ordered sale of the Property. The proceeds of the sale are used to pay the entire unpaid principal and interest due under the Note and this Mortgage, plus all costs allowed by law;

(d) The court-ordered sale of the Property in the foreclosure action may not bring in enough money to pay the entire amount due under the Note and this Mortgage plus costs. The Lender may then sue the Borrower under the Note for the difference. The Lender reserves any rights given by law to sue under the Note before beginning a foreclosure action under this Mortgage.

**10.    NOTICES** - Every notice concerning this Mortgage will be in writing and personally delivered or sent by certified mail, return receipt requested, to my address.

**11.    LIABILITY OF ALL BORROWERS** - Each Borrower who signed this Mortgage, their heirs and executors, is legally liable to do all acts called for by the terms of the Note and Mortgage. Legal action can be taken by the Lender against any one or more of the Borrowers.

### I ACKNOWLEDGE RECEIPT OF A TRUE COPY OF THIS MORTGAGE.

_Linda Mannone_     _Margaret J Schemelia_ (L.S)
Witness                 (Margaret Schemelia)

_____ (L.S)
(           )

_____ (L.S)
(           )

(STATE OF New Jersey)

            SS.:

COUNTY OF ( Gloucester)

On January 24, 2011, Margaret Schemelia, personally appeared before me and acknowledge under oath that she personally signed, sealed and delivered this instrument as her act and deed.

_____
Signature

_____
(Print Name & Title)

Danielle M. Campbell
Notary Public of New Jersey
My Commission Expires November 24, 2013

3

# Deed

CHARGE & RETURN
Congress Title Corp
P.O. Box 5479
Barclay Pavilion - East
Cherry Hill, NJ 08034

This Deed is made on March *11*, 2005
BETWEEN  STEPHEN B. HEISTER, JR. and PAMELA J. HEISTER, his wife

whose post office address is

referred to as the Grantor,
AND  MARGARET SCHEMELIA

whose post office address is 808 Mercer Street, Gloucester City, New Jersey 08030

referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**1.  Transfer of Ownership.**    The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of $135,000.00

The Grantor acknowledges receipt of this money.

**2.  Tax Map Reference.**    (N.J.S.A. 46:15-1.1) Municipality of    Gloucester City
Block No.  183      Lot No.    5      Qualifier No.              Account No.
☐ No lot and block or account number is available on the date of this Deed.  (Check Box if Applicable.)

**3.  Property.**    The Property consists of the land and all the buildings and structures on the land in the    City              of    Gloucester City
County of    Camden          and State of New Jersey. The legal description is:

☐ Please see attached Legal Description annexed hereto and made a part hereof.  (Check Box if Applicable.)

BEGINNING in the Southerly line of Mercer Street, 360 feet West from the South-
westerly corner of Mercer and Brown Streets; thence
     (1) Southwardly parallel with Brown Street, 130 feet; thence
     (2) Westwardly at right angles to Brown Street, 40 feet; thence
     (3) Northwardly parallel with Brown Street, 130 feet to the Southerly line of
Mercer Street; thence
     (4) Eastwardly along the Southerly line of Mercer Street, 40 feet to place of
BEGINNING.

BEING Lots Nos. 394 and 395, Block 183, on plan of property of Davis S. Brown,
deceased, Gloucester City, New Jersey, filed and being known as No. 808 Mercer Street.

BEING the same land and premises which became vested in Stephen B. Heister, Jr.
by Deed from Lois D. Heister, individually and as Executrix of the Estate of Harold
Stetser, deceased, dated August 20, 1998 and recorded November 19, 1998 in Deed Book
4983, page 677.

Prepared by: (print signer's name below signature)

_____
WILLIAM D. DILKS, ESQUIRE

(For Recorder's Use Only)

CAMDEN COUNTY, NJ
JAMES BEACH, COUNTY CLERK
DEED-OR BOOK 07763 PG 1337
RECORDED  03/17/2005/  13:48:51
FILE # 2005029926
RECEIPT#: 214407; RECORDED BY: ann
RECORDING FEES 60.00
MARGINAL NOTATION 0.00
TOTAL TAX 540.00
©2001 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.

103 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language Rev. 7/01   P2/04

Page 1

Book7763/Page1337



# SUPERIOR COURT OF NEW JERSEY

# OFFICE OF FORECLOSURE

## Cost Sheet

Chancery Division

Docket No. SWC-F-013949-16                                    County:CAMDEN

| | |
|---|---|
| Attorney's Allowance by Statute | 50.00 |
| Filing Fees Paid to Clerk | 250.00 |
| Counsel  Fees Allowed Under R.4:42-9 | 1080.54 |
| Sheriff Fees for Service | 59.99 |
| Search Costs Allowed Under R.4:42-10 | 342.00 |
| Printing Costs for Publication | 0.00 |
| Cost of Filing Lis Pendens | 40.00 |
| Motions | 50.00 |
| Costs on Application for Writ of Execution (if applicable) | 50.00 |
| Other | 17.21 |
| Total Costs | 1939.74 |

Date Taxed and Filed:    11/19/2018

Attorney:    N.S.

Attorney ID 020711989
ROBERT J. MALLOY, ESQUIRE
ROBERT J. MALLOY, ESQUIRE PC
2 North Maple Avenue
Marlton, NJ 08053
Phone: (856) 596-2225
ecf.rjmalloylaw@gmail.com
Attorney for South Jersey Federal Credit Union

| | |
|---|---|
| SOUTH JERSEY FEDERAL CREDIT UNION,<br><br>        Plaintiff.<br><br>    vs.<br><br>MARGARET SCHEMELIA, MR. SCHEMELIA, SPOUSE OF MARGARET SCHEMELIA, JOHN DOE, JANE DOE, UNITED STATES OF AMERICA,<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br><br>CAMDEN COUNTY<br><br>CHANCERY DIVISION<br><br>DOCKET NO.:   F-013949-16<br><br> Civil Action<br><br><br>**FINAL JUDGMENT** |

This matter being opened to the Court by Robert J. Malloy, Esquire, P.C. Attorney for Plaintiff, and it appearing to the Court that the Summons and Complaint (and amendments, if any) have been duly issued and returned served upon the Defendants, and the Clerk having entered default against all defendants for failure to plead or otherwise defend. Plaintiff's note (or bond) and mortgage and assignments, if any, having been presented to the Court, and proofs having been submitted of the amount due on Plaintiff's mortgage, and sufficient cause appearing:

**IT IS ON THIS 19th DAY OF NOVEMBER, 2018, ORDERED AND ADJUDGED** that the Plaintiff is entitled to have the sum of **$93,054.34** together with lawful interest thereon computed from   May 23, 2017, together with costs of this action to be taxed, **including a counsel fee of $1,080.54 raised** and paid out of the mortgaged premises; and it is further

***ORDERED*** that the Plaintiff or purchaser at the Sheriff's sale duly recover against the said Margaret Schemelia and all persons holding under them, the possession of the premises mentioned and described in the said Complaint, with appurtenances; and it is further

***ORDERED*** and adjudged that the mortgaged premises be sold to raise and satisfy the several sums of money due to the Plaintiff in the sum(s) aforesaid together with lawful (and contract rate interest) as aforesaid, together with costs to be taxed and that and Execution for that purpose duly issue out of this Court directed to the Sheriff of Camden County, commanding him or her to make sale, according to law, of the mortgaged premises described in the Complaint, and out of the moneys arising

from the sale that he pay to the Plaintiff its said debt with interest thereon as aforesaid, and costs aforesaid, and payments, that such surplus be brought into this Court to abide the further order of this Court, and that the Sheriff of Camden County shall make his report of sale without delay as required by the Rules of this Court; and it is further

**ORDERED** and adjudged that the Defendants, and each of them, stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises described in the Complaint when sold as aforesaid by virtue of this judgment.

Notwithstanding anything herein to the contrary, this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act, N.J.S.A; 2A-18-61.1. et seq., the right of redemption given the United States of America under 28 U.S.C. Sec. 2410, the limited priority rights for aggregate customary condominium assessments for the six-month period prior to the recording of any association lien as allowed by N.J.S.A. 46:8B-21 or rights afforded by the Servicemembers Civil Relief Act, 50, U.S.C. App. 501 et seq. or N.J.S.A. 38:23C-

<u>/s/ Nan S. Famular, P.J.Ch</u>
Respectfully Recommended
R. 1:34-6 OFFICE OF
FORECLOSURE

Respectfully Recommended
R. 1:34-6 OFFICE OF FORECLOSURE

Attorney ID 020711989
ROBERT J. MALLOY, ESQUIRE
ROBERT J. MALLOY, ESQUIRE PC
2 North Maple Avenue
Marlton, NJ 08053
Phone:  (856) 596-2225
ecf.rjmalloylaw@gmail.com
Attorney for South Jersey Federal Credit Union

| | |
|---|---|
| SOUTH JERSEY FEDERAL CREDIT UNION, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff. | CAMDEN COUNTY |
| | CHANCERY DIVISION |
| vs. | DOCKET NO.:   F-013949-16 |
| MARGARET SCHEMELIA, MR. SCHEMELIA, SPOUSE OF MARGARET SCHEMELIA, JOHN DOE, JANE DOE, UNITED STATES OF AMERICA, | Civil Action |
| Defendant(s). | **WRIT OF EXECUTION** |

### THE STATE OF NEW JERSEY

### To the Sheriff of Camden County

### GREETING:

**WHEREAS** on the following date **19th DAY OF NOVEMBER, 2018,** by a certain Judgment in the Superior Court of New Jersey, in a certain cause therein pending, wherein the Plaintiff is South Jersey Federal Credit Union, and the following named parties are the defendants: MARGARET SCHEMELIA, it was ordered and adjudged that certain mortgaged premises, with appurtenances, in the Complaint (and Amendments, if any) in said cause particularly set forth and described, that is to say:

The mortgaged premises are described as set forth upon the rider annexed hereto and made a part hereof.

Together with all and singular rights, liberties, privileges, hereditaments and appurtenances thereto belonging or in any wise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all the estate, right, title and interest, use, property, claim and demand of the said Defendants, of, in, to and out of the same, to be sold to pay and satisfy in the first place unto the Plaintiff South Jersey Federal Credit Union, the sum of **$93,054.34** being the principal, interest, and lawful advances, if any, secured by a certain mortgage dated January 24, 2011,

and given by MARGARET SCHEMELIA together with lawful interest thereon from February 1, 2016, until the same be paid and satisfied and also the costs of the aforesaid Plaintiff.

And for that purpose a Writ of Execution should issue, directed to the Sheriff of Camden County, commanding him or her to make sale as aforesaid; and that the surplus money arising from such sale, if any, should be brought into the said court, subject to the further order of the said court, as by the said Judgment remaining as of record in the said Superior Court of New Jersey, at Trenton, doth and may fully appear; and whereas the costs of the said Plaintiff have been duly taxed at the following sum of ~~$1,539.74~~.   $1,939.74.

Therefore, you are hereby commanded that you cause to be made of the premises aforesaid, by selling so much of the same as may be needful and necessary for the purpose, the aforesaid sum(s), and the same do you pay to the said Plaintiff (and Defendant)together with lawful (and contract interest rate thereon) interest thereon as aforesaid, the sum(s) aforesaid of costs, and that you have the surplus money if any there by, before the said Superior Court of New Jersey as aforesaid, at Trenton, within 30 days after sale (if no sale, Writ returnable within 24 months, R.4:59-1(a)), to abide the further order of the said court, according to the Judgment aforesaid; and you are to make return at the time and place aforesaid, by certificate under your hand, of the manner in which you have executed this our Writ, together with this Writ.

WITNESSS, the Honorable Nan S. Famular, P.J.Ch., Judge of the Superior Court of Camden, aforesaid, **ON THIS 19th DAY OF NOVEMBER, 2018**.


*/s/Michelle M. Smith, Esq.*
**MICHELLE M. SMITH, ESQ**
**CLERK OF SUPERIOR COURT**


# Signed and Sealed in the Superior Court of New Jersey


ROBERT J. MALLOY ESQUIRE, PC
Attorneys for Plaintiff


By:  /s/_____
        ROBERT J. MALLOY, ESQ.

## ATTACHED RIDER

The mortgaged premises are described as follows:

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the County of Camden and State of NJ, **BEING** Known as Lot 5, 6.01 and 6.02, Block 183 (F/K/A Lot 5, Block 183), on the Official Tax Map of Gloucester City, **BEING** commonly known as 808 Mercer Street, Gloucester City, New Jersey being more particularly described as follows:

**BEGINNING** in the Southerly line of Mercer Street, 360 feet West from the South-westerly corner of Mercer and Brown Streets; thence

1. Southwardly parallel with Brown Street, 130 feet; thence
2. Westwardly at right angles to Brown Street, 40 feet; thence
3. Northwardly parallel with Brown Street, 130 feet to the Southerly line of Mercer Street; thence
4. Eastwardly along the Southerly line of Mercer Street, 40 feet to place of BEGINNING.

Being Lots Nos. 394 and 395, Block 183 on plan of property of Davis S. Brown, deceased, Gloucester City, New Jersey, filed and being known as No. 808 Mercer Street.



CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
SHER DEED-OR BOOK 11094/1149
RECORDED 03/19/2019 09:26:30
FILE NUMBER 2019020263
RCPT #: 2138511; RECD BY: LR14
RECORDING FEES $113.00
MARGINAL NOTATION $0.00
TOTAL TAX $2.00



## Camden County
## Document Summary Sheet

| CAMDEN COUNTY CLERK 520 MARKET ST CAMDEN NJ 08102 | Return Name and Address Robert J. Malloy, Esquire, P.C Robert J. Malloy, Esquire 2 North Maple Avenue Marlton, NJ 08053 |
|---|---|

| | Official Use Only |
|---|---|
| **Submitting Company** | Robert J. Malloy, Esquire, P.C. |
| **Document Date** *(mm/dd/yyyy)* | 02/26/2019 |
| **Document Type** | Sheriff's Deed |
| **No. of Pages of the Original Signed Document** *(Including the cover sheet)* | 8 |
| **Consideration Amount** *(If applicable)* | $ 100.00 |

| First Party (Grantor or Mortgagor or Assignor) (Enter up to five names) | Name(s) *(Last Name First Name Middle Initial Suffix) (or Company Name as written)* Camden County Sheriff Margaret Schemelia | Address *(Optional)* |
|---|---|---|

| Second Party (Grantee or Mortgagee or Assignee) (Enter up to five names) | Name(s) *(Last Name First Name Middle Initial Suffix) (or Company Name as written)* 1617 Properties, LLC | Address *(Optional)* 1617 Hurffville Road, Deptford, NJ |
|---|---|---|

| Parcel Information (Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | City of Gloucester | 183 | 5 | | 808 Mercer Street Gloucester City, NJ |

| Reference Information (Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | Mortgage Book | 9369 | 81 | | 02/03/2011 |

*DO NOT REMOVE THIS PAGE.*
DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF CAMDEN COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.

Prepared by:

_ALLEN S. ZELLER, Esquire_

# This Indenture, MADE THE

**Between** 15th **day of** February 20<sup>19</sup>, A.D.

~~Between~~ GILBERT L. "WHIP" WILSON Sheriff of the County of Camden, in the State of New Jersey, of the first part, and 1617 PROPERTIES, LLC, 1617 Hurffville Road, PO Box 5530, Deptford, NJ 08096

of the second part

**Witnesseth,** that whereas, on or about the 19th day of November, 2018, A.D., a certain judgment was made in the Superior Court of the State of New Jersey, in a certain action therein pending, wherein SOUTH JERSEY CREDIT UNION is plaintiff and MARGARET SCHEMELIA, et al, are defendants

and afterwards, to wit, on the 19th day of November, 20 18, A.D., a writ of execution was issued thereon, out of the said Court, directed to the Sheriff of the County of Camden, in said State, which having first been duly recorded in the office of the Clerk of the said Court at Trenton, in said State, in ~~Book~~ Writ #8028119 of Executions, ~~page~~ and afterwards, to wit on or about the 19th day of December, 20 18, A.D., delivered to the said GILBERT L. "WHIP" WILSON, the party of the first part hereto, he then and still being the Sheriff of the said County of Camden, to be executed according to law, which said execution, among other things, set forth and commanded as follows, to wit:

NEW JERSEY, to wit:

THE STATE OF NEW JERSEY TO THE SHERIFF OF THE COUNTY OF CAMDEN, GREETING:

(L. S.)

~~Whereas,~~

WHEREAS, on the following date, 19th day of November, 2018, by a certain Judgment in the Superior Court of New Jersey, in a certain cause therein pending wherein the Plaintiff is the SOUTH JERSEY FEDERAL CREDIT UNION and the following named parties are the Defendants: MARGARET SCHEMELIA, it was Ordered and Adjudged that certain mortgaged premises, with appurtenances, in the Complaint (and Amendments, if any) in said cause particularly set forth and described, that is to say:

The mortgaged premises are described as set forth upon the RIDER ANNEXED HERETO AND MADE A PART HEREOF.

TOGETHER, with all and singular rights, liberties, privileges, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all the estate, right, title, and interest, use, property, claim and demand of the said Defendants of, in, to and out of the same, to be sold, to pay and satisfy in the first place unto Plaintiff, SOUTH JERSEY FEDERAL CREDIT UNION, the sum of $93,054.34 being the principal, interest and lawful advances, if any, secured by a certain mortgage dated January 24, 2011, and given by MARGARET SCHEMELIA, together with lawful interest thereon from February 1, 2016, until the same be paid and satisfied, and also the costs of the aforesaid Plaintiff.

And for that purpose, a Writ of Execution should issue directed to the Sheriff of Camden County commanding him or her to make sale as aforesaid; and that the surplus money arising from such sale, if any, should be brought into the said Court, subject to the further Order of the said Court, as by the said Judgment remaining as of record in the said Superior Court of New Jersey, at Trenton, doth and may more fully appear; and whereas, the costs of the said Plaintiff have been duly taxed at the following sum: $1,929.74.

CCSD FORM 25

THEREFORE, you are hereby commanded, that you cause to be made of the premises aforesaid, by selling so much of the same as may be needful and necessary for the purpose, the aforesaid sum(s), and the same you do pay to the said Plaintiff (and Defendant) together with lawful (and contract interest rate thereon) interest thereon as aforesaid, the sum(s) aforesaid of costs, and that you have the surplus money, if any there be, before the said Superior Court of New Jersey as aforesaid, at Trenton, within 30 days after sale (if no sale, Writ returnable within 24 months, R.4:49-1(a)), to abide the further order of the said court, according to the judgment aforesaid; and you are to make return at the time and place aforesaid, by certificate under your hand, of the manner in which you have executed this our Writ, together with this Writ.

WITNESS the Honorable Nan S. Famular, P.J.Ch., Judge of the Superior Court of Camden aforesaid, on this 19th day of November, 2018.

ROBERT J. MALLOY ESQUIRE, PC
Attorneys for Plaintiff

/s/ Robert J. Malloy
ROBERT J. MALLOY

/s/ Michelle M. Smith
MICHELLE M. SMITH
Clerk of the Superior Court
Signed and Sealed in the Superior Court of
New Jersey

This is not an official document

RTF-8 (Rev. 3-98)

# STATE OF NEW JERSEY
## AFFIDAVIT OF CONSIDERATION
### (STATEMENT OF PRIOR MORTGAGE, LIENS OR ENCUMBRANCES)
#### FOR
#### SHERIFF'S DEEDS
(c. 225, P.L. 1979)
To Be Recorded With Deed Pursuant to c. 49 P.L. 1968, as amended, and c. 225, P.L. 1979

STATE OF NEW JERSEY $\Big\}$ ss.

COUNTY OF CAMDEN

**FOR RECORDER'S USE ONLY**
Consideration $ _____
Realty Transfer Fee $ _____
Date _____ By _____

**IMPORTANT NOTES:**
This form is to be attached to all Sheriff's Deed not otherwise exempt pursuant to N.J.S.A 46:15-10, when presented to the County Clerk or Register of Deed's for recording. One of the following blocks MUST be checked:

☐ NO PRIOR MORTGAGES OR LIENS ARE OUTSTANDING.

☑ PRIOR MORTGAGE OR LIENS OUTSTANDING AND NOT EXTINGUISHING BY THE SALE ARE AS LISTED IN SECTION 2 BELOW.

(1) PARTY OR LEGAL REPRESENTATIVE

SOUTH JERSEY FEDERAL CREDIT UNION

*(Plaintiff)*

ROBERT J. MALLOY, ESQUIRE, PC

*(Legal Representative of Plaintiff)*

("Legal representative is to interpreted broadly to include any person actively and responsibly participating in the transaction, such as but not limited to: an attorney representing one of the parties: a closing officer of a title company of lending institution participating in transaction: a holder of power of attorney from plaintiff.)

(2) CONSIDERATION
Deponent states that, with respect to deed hereto annexed, there follows the name or names of all mortgagees and other holders of encumbrances constituting "consideration" as defined in the act to which this act is a supplement (C. 46:15-5(c)), to which such sale shall be subject. Such prior mortgages, liens and encumbrances are as follows:

| NAME OF SECURED PARTY | CURRENT AMOUNT DUE |
|---|---|
| Tax Sale Certificate (2017-222) | $ 11,200.75 |
| Delinquent Taxes | $2,624.01 |
| | |
| | |
| | |
| TOTAL $ | 13,824.76 |

NOTE: The amount of consideration on which the Realty Transfer Fee shall be calculated shall include both the total listed above and the amount bid at the sale as set forth in the Sheriff's Deed.

Deponent makes affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968, as amended, and c. 225, P.L. 1979.

Subscribed and Sworn to before me **Robert J. Malloy**
this 12th **New Jersey Attorney at Law**

Day of _DECEMBER 2018_ 19

*Name of Deponent*

_____
*Address of Deponent*

AMOUNT BID AT SHERIFF SALE

$ _____

**FOR OFFICIAL USE ONLY**
This space for use of County Clerk or Register of Deeds

Instrument Number _____ County _____

Deed Number _____ Block _____ Page _____

Deed Dated _____ Date Recorded _____

## IMPORTANT – BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE FOLLOWING PAGE.
* * * *
This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.

ORIGINAL to be attached to Sheriff's Deed.
COPY to be retained by Sheriff Deed.

## ATTACHED RIDER

The mortgaged premises are described as follows:

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the County of Camden and State of NJ, **BEING** Known as Lot 5, 6.01 and 6.02, Block 183 (F/K/A Lot 5, Block 183), on the Official Tax Map of Gloucester City, **BEING** commonly known as 808 Mercer Street, Gloucester City, New Jersey being more particularly described as follows:

**BEGINNING** in the Southerly line of Mercer Street, 360 feet West from the South-westerly corner of Mercer and Brown Streets; thence

1. Southwardly parallel with Brown Street, 130 feet; thence
2. Westwardly at right angles to Brown Street, 40 feet; thence
3. Northwardly parallel with Brown Street, 130 feet to the Southerly line of Mercer Street; thence
4. Eastwardly along the Southerly line of Mercer Street, 40 feet to place of BEGINNING.

Being Lots Nos. 394 and 395, Block 183 on plan of property of Davis S. Brown, deceased, Gloucester City, New Jersey, filed and being known as No. 808 Mercer Street.

**And Whereas,** the said Sheriff did seize and take all the hereinbefore particularly described real estate, with appurtenances, and did advertise the same for sale at public vendue, on the 6th day of February , 20 19 , A.D., at the Sheriff's office in the City Hall in the City of Camden, in said County of Camden and State of New Jersey, at the hour of twelve o'clock (local time) in the afternoon of said day, by advertisements, signed by himself, and set up in the Sheriff's office of Camden County and at the premises to be sold, at least three weeks next before the time appointed for such sale, and did likewise cause the same to be published four times in the Courier Post and Weekly Retrospect two newspapers designated by him, printed and published in the said County of Camden, in which the said land is situate, at least once a week during four consecutive calendar weeks, the first publication being at least twenty-one days prior, and the last publication not more than eight days prior to the time appointed for selling the same, both of which are published at the City of Camden, said city being the county seat of said County of Camden, and at the time and place so as aforesaid appointed and advertised for selling the same, the said Sheriff did

expose the same to sale by public vendue, and South Jersey Federal Credit Union being the highest bidder for the land and premises hereinafter particularly referred to, the same was, between the hours of twelve and five o'clock in the afternoon of the day last aforesaid, struck off and sold to the said South Jersey Federal Credit Union for the sum of One Hundred and 00/100 ($100.00)———————————————— dollars;

**And Whereas,** after the said sale, the same was reported by the said Sheriff to the said Court, according to the statute in such case made and provided;

AND WHEREAS by Assignment of Bid said South Jersey Federal Credit Union did assign, set over and transfer all of its right, title and interest in and to the aforesaid bid of South JerseyFederal Credit Union unto the 1617 Properties, LLC, its successors and/or assigns;

**And Whereas,** there not having been served upon the said Sheriff a motion for the hearing of an objection to the sale before the delivery of the within conveyance:

**Now this Indenture Witnesseth** That the said GILBERT L. "WHIP" WILSON Sheriff as aforesaid of the said County of Camden, for and in consideration of the sum of One Hundred and 00/100 ($100.00)———————————————— dollars to him in hand paid by the said party of the second part at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, Hath and by these presents Doth grant, bargain, sell and convey unto the said party of the second part, its successors and assigns,

All and singular the lands and premises hereinbefore more particularly described and mentioned and set forth in the said writ of execution, with the appurtenances.

**To have and to hold,** the said above mentioned and described tract of land and premises, with the appurtenances, unto the said party of the second part, its successors and assigns forever, as fully and absolutely as the said GILBERT L. "WHIP" WILSON , Sheriff as aforesaid, can, may or ought, by virtue of the said execution and of the statutes in such case made and provided, to grant, bargain, sell and convey the same.

And the said GILBERT L. "WHIP" WILSON Sheriff as aforesaid of the said County of Camden, doth covenant and agree to and with the said party of the second part, its successors and assigns, that he, the said GILBERT L. "WHIP" WILSON , Sheriff as aforesaid, hath not done or suffered to be done any act or thing whereby the said premises, or any part thereof, are or may be charged or encumbered in estate, title or otherwise.

**In Witness Whereof,** the said GILBERT L. "WHIP" WILSON , Sheriff as aforesaid, hath hereunto set his hand and seal on the day and year first herein written.

Signed, sealed and delivered in the presence of

.................................................(SEAL)
GILBERT L. "WHIP" WILSON *Sheriff.*

_____
ALLEN S. ZELLER, Esquire

This is not an official document

STATE OF NEW JERSEY, Camden County, ss:

    Be it remembered, That on this 15th day of February , 20 19 A.D., before me, the subscriber, an attorney-at-law, of New Jersey, personally appeared GILBERT L. "WHIP" WILSON Sheriff of said County of Camden, in said State, who is, I am satisfied, the grantor named in the foregoing deed, and I having first made known unto him the contents thereof, he acknowledged that he signed, sealed and delivered the same, freely, as his voluntary act and deed; all of which is hereby certified.

The full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed as such consideration is defined in P.L. 1968, c.49 Sec. 1(b) is $100.00.

ATTORNEY-AT-LAW OF NEW JERSEY.
ALLEN S. ZELLER, Esquire

STATE OF NEW JERSEY, Camden County, ss :

    I, GILBERT L. "WHIP" WILSON , Sheriff of said County of Camden, in the State of New Jersey, do solemnly swear that the real estate described in this deed made to 1617 Properties, LLC

was by me sold by virtue of a good and subsisting execution, as is therein recited; that the money ordered to be made has not been to my knowledge or belief paid or satisfied; that the time and place of the sale of said real estate were by me duly advertised as required by law,, and that the same was cried off and sold to a bona fide purchaser for the best price that could be obtained.

GILBERT L. "WHIP" WILSON, SHERIFF.

    Sworn (or affirmed) before me, one of the attorneys-at-law of New Jersey, on this 15th day of February , 20 19, A.D.; and I, having examined the deed above mentioned, do approve the same, and order it to be recorded as a good and sufficient conveyance of the real estate therein described.

ATTORNEY-AT-LAW OF NEW JERSEY.
ALLEN S. ZELLER, Esquire

# Deed

**SHERIFF'S DEED**

Sheriff

GILBERT L. "WHIP" WILSON

to

1617 PROPERTIES, LLC
1617 Hurffville Road
PO Box 5530
Deptford, NJ 08096

Prepared by:
ALLEN S. ZELLER, Esquire
120 Haddontowne Court
Cherry Hill, NJ 08034

Received in the Register of Deeds' office of the County of Camden, New Jersey, on the _____ day of _____ A.D. 20 _____ at _____ o'clock in the _____ noon, and recorded in Book No. _____ of Deeds for said County, on page _____ &c.

Register.

## Property Information

| | | | |
|---|---|---|---|
| Block : 183 | Lot: 5 | Qualification : | Deductions: |
| Tax Account Number : 29063 | | | Senior: 0 |
| Dimension : 40X130 | | | Vet : 0 |
| Property location : 808 MERCER ST | | | Widow : 0 |
| Property Class : 2 | | | Survivor: 0 |
| Bank code : | | US BANK CUST ACTLIEN HOL | Disabled: 0 |
| Additional Lots : 6.01,6.02 | | | Deduction amount: 0.00 |

## Owner Information

SCHEMELIA, MARGARET
808 MERCER ST
GLOUCESTER CITY, NJ    08030

## Property Information

| | | |
|---|---|---|
| 2018 Net Tax : | 5,063.04 | Land value: 37,900 |
| 2019 Net Tax : | 0.00 | Improvement value: 79,300 |
| 2019 Total Tax: | 0.00 | Net taxable value: 117,200 |

Special Tax codes :     Special Tax Amount :       0.00

## Interest calculation date: 3/15/2019

| Tax Year | Quarter | Tax Due | Days | 8% | 18% | Interest | Quarter Totals |
|---|---|---|---|---|---|---|---|
| Delinquent Total | | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 Pdm 0.0000 |

## Lien Information is calculated to 3/15/19

| Type | Yr | Cert # | Date | Amount | Sale Cost | Int To Date | Stat Fee | Total | |
|---|---|---|---|---|---|---|---|---|---|
| SUB | 2018 | 2017-222 | 4/25/18 | 1,208.54 | 0.00 | 193.37 | 0.00 | 1,401.91 | Pdm 0.604 |
| SUB | 2018 | 2017-222 | 9/12/18 | 3,825.28 | 0.00 | 350.01 | 0.00 | 4,175.29 | Pdm 1.913 |
| SUB | 2018 | 2017-222 | 12/19/18 | 1,707.52 | 0.00 | 73.42 | 0.00 | 1,780.94 | Pdm 0.854 |
| SUB | 2017 | 2017-222 | 3/27/17 | 1,690.99 | 0.00 | 598.61 | 0.00 | 2,289.60 | Pdm 0.845 |
| SUB | 2017 | 2017-222 | 7/18/17 | 180.81 | 0.00 | 53.97 | 0.00 | 234.78 | Pdm 0.090 |
| SUB | 2017 | 2017-222 | 8/29/17 | 1,754.45 | 0.00 | 487.74 | 0.00 | 2,242.19 | Pdm 0.877 |
| OTS | 2016 | 2017-222 | 1/25/17 | 5,064.11 | 175.00 | 0.00 | 264.56 | 5,503.67 | Pdm 0.000 |
| SUB | 2019 | 2017-222 | 2/27/19 | 1,547.73 | 0.00 | 13.93 | 0.00 | 1,561.66 | Pdm 0.774 |

PREMIUM(S) IN THE AMOUNT OF $    2,300.00  IS NOT INCLUDED IN THE LIEN TOTALS.

**LIEN TOTALS**              16,979.43      175.00      1,771.05      264.56  19,190.04      5.958

Lien Totals subject to additional subsequent payments by the Lien holder
Please contact the Tax Office prior to payment

**PAID**

MAR 0 5 2019

GLOUCESTER CITY
TAX & WATER DEPARTMENT

short 268⁰⁵