| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>Law Offices of Mark W. Ford, LLC<br>4 ½ North Broadway, PO Box 110<br>Gloucester City, NJ 08030<br>856-456-8811/856-456-8558 (Fax)<br>Attorney for the debtor | |
| In Re:<br><br>Margaret Schemelia | Case Number: <u>19-15830</u><br><br>Hearing Date: <u>August 27, 2019 at 10:00 a.m.</u><br><br>Judge: <u>Jerrold N. Poslusny</u><br><br>Chapter: 13 |

| | | | | |
|---|---|---|---|---|
| Recommended Local Form: | ☒ | Followed | ☐ | Modified |

**BRIEF IN OPPOSITION TO CERTIFICATION IN OPPOSITION TO CREDITORS MOTION FOR SANCTIONS**

**STATEMENT OF FACTS**

On or about March 12, 2019, had an initial interview with Margaret Schemelia and her granddaughter (an adult I might add) Amy Canning. At the initial interview, I was unable to determine the status of the proceedings against her.

I was emphatically advised that mortgage payments had been made up to February, 2019. I was further advised that Margaret Schemelia had not received any notice that anything was wrong.

I. **ASSUMING AGUENDO THAT DEBTOR ONLY HAD A MERE POSSESSORY INTEREST IN THE REAL ESTATE SHE HAD A RIGHT TO FILE BANKRUPTCY TO STOP EVICTION PROCEEDINGS.**

1

## II. DEBTOR FILED BANKRUPTCY IN GOOD FAITH AND ACTED IN GOOD FAITH IN THE BANKRUPTCY PROCEEDINGS

Debtor at all times acted in good faith and not merely for purposes of delay.

Debtor mad her trustee payments.

Debtor attended the meeting of creditors.

Debtor supplied documents to the Trustee as requested including contribution letter from her granddaughter who also lives on the premises with her great grandchildren, proof of income from the granddaughter, employment , income tax return, proof of social security income, etc. See attached Exhibit A. All of this helped show the debtor was able to make the mortgage and trustee payements. Please note that a Chapter 7 Bankruptcy would have delayed the creditor for approximately the same amount of time as the Chapter 13 did.

## III. DEBTOR'S COUNSEL HAD GOOD FAITH TO QUESTION THE VALIDITY OF THE JUDGMENT AND SHERIFF'S SALE.

Debtor's insistence that she was regularly making mortgage payments up to February, 2019. To verify this, I requested the bank records from the debtor. I was later advised that the bank account was closed and the records could not be obtained. I believe that such record could have made a compelling argument for equitable estoppels based on inconsistent actions.

Secondly, I had a good faith basis to question whether the debtor had been properly served with all the necessary papers in order. This was based on the debtor's complete surprise at the Sheriff's letter giving them ten(10) days advising them of the Writ of Possession.

Thirdly, as counsel I had reasonable grounds to believe that the debtor may not be competent to handle her financial affairs. The granddaughter advised me of her forgetfulness and her suspicions

that her grandmother may have Alzheimers. I attempted to obtain medical records from her family physician to support this, but was eventually unsuccessful.

Fourthly, as counsel on behalf of debtor, I attempted good faith negotiations with the creditor for the debtor offer to: 1. Allow the Chapter 13 cure of the arrears to proceed and if the Chapter 13 Plan should fail or be dismissed, the creditors could proceed to enforce the judgment. This offer was considered and rejected on the grounds that the creditor considered that the entire amount of the judgment must be paid back over the five(5) year plan.

## **CONCLUSION**

Because the debtor had a recognized legal interest in the property even if it was a mere possessory interest, it entitled her to protection under bankruptcy law and the good faith prosecution of all the Chapter 13 petition, including paying Trustee fees, supplying documentation to the Trustee, attending the Meeting of Creditors, and investigations into reasonable potential defects in the judgment such as proper service, competence of the debtor show good faith and the Motion for Sanctions should be denied.

DATED: August 20, 2019

Respectfully submitted,

/s/ Mark W. Ford, Esquire