JEANNE A. NAUGHTON, CLERK

SEP 25 2019

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY KR          DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

MARGARET SCHEMELIA,

Debtor.

Case No. 19-15830 (JNP)

Chapter 13

## MEMORANDUM DECISION GRANTING
## MOTION FOR SANCTIONS

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

South Jersey Federal Credit Union ("Creditor"), by its counsel, Robert Malloy has brought a motion for sanctions (the "Motion") against Debtor's Counsel, Mark Ford, alleging violations of Federal Rule of Bankruptcy Procedure 9011, as well as asking this Court to impose sanctions pursuant to its inherent authority under section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and under 28 U.S.C. § 1927, for filing a voluntary petition under Chapter 13 of the Bankruptcy Code in bad faith and containing knowingly false statements. For the reasons stated herein, the Motion is granted.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Background

On November 19, 2018, Creditor obtained a judgment of foreclosure against the Debtor in relation to certain real property (the "Property") against which Creditor held a mortgage note. Dkt. No. 30. Following a Sheriff's sale which produced no competitive bidders, a Sheriff's Deed conveyed the Property to Creditor on February 15, 2019 and was recorded in the Camden County

Clerk's office on March 19, 2019. Id. There were no objections filed in relation to the Sheriff's sale. Id. Mr. Ford, on behalf of the Debtor, filed a voluntary petition for relief and accompanying schedules (the "Petition") under Chapter 13 of the Bankruptcy Code on March 22, 2019 (the "Petition Date"). Dkt. No. 1. The Petition lists the Debtor as the owner of the Property, and the Property as an asset of the estate. Id. The Petition lists the Creditor as having a $96,000 secured claim against the Property. Id. The Petition lists three other unsecured creditors: (1) CITI, having a $2,000 claim, (2) City of Gloucester Tax Office, having a $30,000 claim; and (3) the IRS, with an unknown claim amount. Id. Mr. Ford filed a proposed Chapter 13 plan (the "Plan") on the Petition Date which listed the Creditor as having a secured claim and stated the Debtor intended to cure arrearages and maintain payments on that debt. Dkt. No. 3. The Plan proposed only a nominal $200 in monthly payments. Id.

Creditor filed an objection to the Plan on April 16, 2019. Dkt. No. 13. The objection detailed that the Property had been sold by auction at a Sheriff's sale and the Sheriff's deed was conveyed to Creditor more than a month prior to the Petition Date. Id. Further, the objection stated that a writ of possession for the Property was issued on February 22, 2019. The objection also argued that the Plan itself was infeasible and proposed in bad faith. Id. Creditor then filed a motion for relief from the Automatic Stay (the "Motion for Relief") on June 11, 2019. Dkt. No. 16. Mr. Ford filed a one-page certification in opposition to the Motion for Relief on the Debtor's behalf. Dkt. No. 18. Creditor filed a reply. Dkt. No. 22. A hearing was held and the Court granted stay relief on July 10, 2019. Dkt. No. 23.

Creditor then filed this Motion arguing that Mr. Ford violated Rule 9011 by filing the Petition and Plan in bad faith and that the Petition contained statements of fact that Mr. Ford knew or should have discovered after reasonable inquiry, to be false. Dkt. No. 30. Mr. Ford filed two separate oppositions to the Motion. Dkt. Nos. 32 and 34. In the initial filing, Mr. Ford argued that

he was informed by his client and her family that the Debtor had been making payments towards her mortgage up through February 2019. Dkt. No. 32. The supplemental opposition stated that he "thought" he had read that the writ of execution was not recorded until the Petition Date. Dkt. No. 34.

A hearing was held on August 27, 2019 (the "Hearing") at which both parties appeared. Creditor argued that Mr. Ford had failed to make a reasonable inquiry into the facts of the case prior to filing the Petition as required by Rule 9011. Creditor pointed out that reviewing the status of the foreclosure or the Property records would have revealed that title had been transferred and that the redemption period had expired prior to the Petition Date. Aug. 27 hearing (HRG) at 3:00-4:00. Mr. Ford argued that the filing was not in bad faith, that the Debtor could have filed a Chapter 7 without there being any allegation of bad faith, but that the Debtor wanted to and believed she could save the Property from being transferred. Id. at 5:35. However, Mr. Ford acknowledged that the Property had been transferred and the redemption period had expired. Id. at 7:00. In response to Court questions, Mr. Ford admitted that he was aware that title had transferred prior to the Petition Date. Id. at 10:30. Creditor conceded that it likely would have incurred the expense of filing a motion for relief in the event the Petition had correctly listed the ownership status of the Property and had been filed under Chapter 7. Id. at 4:20, 11:40.

Following the Hearing the parties submitted post-hearing briefs, and Creditor submitted a certification of Mr. Malloy of his fees and costs (the "Certification"). Dkt. No. 37. The Certification admitted that no "safe harbor" letter had been sent. The Certification also indicated that Creditor was seeking $2,150 in fees and $181 in costs allegedly incurred due to Mr. Ford's violation of Rule 9011. Id. Mr. Ford submitted a brief certification arguing that this case was factually distinct from other cases in which attorneys had been sanctioned for filing a petition in bad faith. Dkt. No. 39.

### Discussion

The creditor has brought its motion under Rule 9011, section 105 of the Bankruptcy Code, the Court's inherent powers, and 28 U.S.C. § 1927.

### Rule 9011

Rule 9011(b) reads:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). This rule is substantively the same as Rule 11 of the Federal Rules of Civil Procedure, thus decisions which clarify the latter are useful guides. In re Peia, 145 B.R. 749, 752 (Bankr. D. Conn. 1992); Cinema Serv. Corp. v. Edbee Corp., 774 F.2d 584, 585 (3rd Cir.1985) ("The text of the Rule tracks Fed. R. Civ. P. 11, with only such modifications as are appropriate in bankruptcy matters.") Under Rule 9011, the signer of a pleading has an obligation to make a reasonable inquiry into the facts and law which support the pleading. In re Kouterick, 167 B.R. 353, 362 (Bankr. D.N.J. 1994) (citing Fed.R.Bankr.P. 9011; Jones v. Pittsburgh National Corp., 899 F.2d 1350, 1359 (3d Cir.1990)).

4

If the court "determines that that subdivision (b) has been violated, the court may . . . impose an appropriate sanction." Fed. R. Bankr. P. 9011(c) (emphasis added). As such, the imposition of sanctions falls to the discretion of the Court. See In re 15375 Mem'l Corp., 430 B.R. 142, 150 (Bankr. D. Del. 2010). In this Circuit, Rule 11 sanctions are to be imposed only in exceptional circumstances 'where the claim or motion is patently unmeritorious or frivolous.'" Kouterick, 167 B.R. 353, 362 (citing Dura Systems, Inc. v. Rothbury Investments, Ltd., 886 F.2d 551, 556 (3d Cir.1989), cert. denied, 493 U.S. 1046 (1990).

If the Court determines that the Petition has been filed for an improper purpose, sanctions are still not appropriate unless the Court determines that Mr. Ford had failed to conduct a reasonable inquiry prior to filing the Petition. Fed. R. Bankr. P. 9011(b). As far as what constitutes a reasonable inquiry, "[t]he Third Circuit has defined reasonableness as 'an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact.'" In re Antonelli, 2012 WL 280722, at *11 (Bankr. D.N.J. Jan. 30, 2012) (quoting In re Taylor, 655 F.3d 274, 284 (3d Cir.2011)). The duty of reasonable inquiry is determined objectively. Id. The Committee Notes to the 1983 amendment of Civil Rule 11 state four factors to be considered in determining reasonableness:

> [1] how much time for investigation was available to the signer;
> [2] whether the signer had to rely on a client for information as to the facts underlying the pleading, motion or other paper;
> [3] the plausibility of the legal position advocated; and
> [4] whether the case was referred to the signer by another member of the bar.

Bankr. Proc. Manual § 9011:3 (2019 ed.). The inquiry focuses on "what should have been done by the filer before filing rather than how things turned out; conduct rather than result." In re KTMA Acquisition Corp., 153 B.R. 238, 248 (Bankr. D. Minn. 1993).

Additionally, the Court is aware of some cases holding that a party who fails to move to dismiss the debtor's case on grounds of bad faith may be estopped from seeking Rule 9011

5

sanctions. See, e.g., Matter of Cohoes Indus. Terminal, Inc., 931 F.2d 222 (2d Cir. 1991). The Court declines to apply this reasoning to this case for several reasons. First, the standard for a bad faith filing is different from the standard for a Rule 9011 violation. Bankr. Proc. Manual § 9011:6 (citing In re Chisholm Co., 166 B.R. 706 (D. Colo. 1994)). Because there may have been a legitimate reason for the Debtor to file bankruptcy the Court would have been unlikely to grant a motion to dismiss the case. Second, the Court is not aware of any case law indicating that such holdings are binding on this Court. As such, Creditor's decision not to file a motion to dismiss is not a bar to seeking sanctions in this case.

Finally, Rule 9011(c) reads in relevant part:

> (1)(A) The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, <u>except that this limitation shall not apply if the conduct alleged is the filing of a petition</u> in violation of subdivision (b).
>
> * * *
>
> (2) . . . the sanction may consist of . . . an order <u>directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation</u>.

Fed. R. Bankr. P. 9011(c) (emphasis added). Thus, pursuant to Rule 9011(c), no safe harbor letter need be sent if a party seeks sanctions for the filing of a petition. In re Antonelli, 2012 WL 280722, at *8 (Bankr. D.N.J. Jan. 30, 2012) (citing Fed. R. Bankr. P. 9011 Advisory Committee Note (1997) ("The 'safe harbor' provision contained in subdivision (c)(1)(A) . . . does not apply if the challenged paper is a petition.")).

A review of all of the facts and circumstances of this case leads this Court to conclude that the Petition was indeed filed for an improper purpose. First, the Petition was filed to delay eviction after a Writ of Possession had been issued under the guise of attempting to save ownership of the Property. This was improper because both Mr. Ford and the Debtor were aware that title had

6

transferred to the Creditor and the Debtor was effectively a tenant at sufferance with only a possessory interest. Additionally, the Petition lists only $2,000 of unsecured debt, all of which could have been discharged through a Chapter 7. The Petition and the Plan also indicate that the case was filed for an improper purpose or without legal or factual support. The Plan proposed only a nominal monthly payment which would not have been sufficient to pay the amounts owed on the mortgage even if the mortgage could somehow have been reinstated. Moreover, Schedule A incorrectly lists the Debtor as the owner of the Property, despite the fact that title had been transferred and the redemption period lapsed. Main Case Dkt. No. 1. Given the nature of the debt, the nominal proposed payment plan, the inaccuracies in the Petition, and the fact that title had transferred and the redemption period expired prior to the Petition Date, the Court concludes that the Petition was filed for an improper purpose and without legal or evidentiary support. See Fed. R. Bankr. P. 9011(b).

Turning to the issue of reasonable inquiry, the Court concludes, after a review of the facts and circumstances, that Mr. Ford failed to conduct a reasonable inquiry. To begin, Mr. Ford admitted that he learned of the Sheriff's sale prior to filing the Petition. Hrg. at 10:20. Mr. Ford further acknowledged that, although he was unaware at the time he filed the case, the redemption period had expired prior to the Petition being filed, and that the Property was therefore improperly listed as an asset of the estate. Id. Mr. Ford argued that time was very short, upon learning of the advanced status of the foreclosure his goal was to file as quickly as possible in an attempt to save the Property. Id.

The Court is aware that, particularly in bankruptcy cases, attorneys are often pressed for time and must race against creditors' actions in state court to avoid crippling results and loss of essential assets. However, there can be no dispute that reasonable inquiry under these circumstances required Mr. Ford to determine the status of the title transfer prior to listing the

7

Property as an asset on Schedule A. Mr. Ford was not forced to rely on his client for information because an online search of recent Sheriff Sales or a call to the Sheriff's office would have revealed the transfer and the date of that transfer alerting Mr. Ford to the fact that the redemption period had expired. Mr. Ford's failure to do this, and instead to file the Petition falsely listing assets has left this Court to determine whether Mr. Ford failed to conduct a proper inquiry into the status of the title of the Property, or intentionally and falsely listed the Property as an asset. After a review of all the facts and circumstances of this case, the Court concludes that this was not an intentional act of deception by Mr. Ford. However, it was the result of Mr. Ford's failure to conduct a reasonable inquiry into the facts prior to filing the Petition and calls for a reasonable sanction to be imposed. Moreover, the failure to investigate his client's statements led Mr. Ford to file an opposition to the motion for relief from the Automatic Stay, despite having no viable factual or legal grounds to do so.

As noted above, Rule 9011(c) allows for the sanction to direct payment to the movant for attorneys' fees incurred as a result of the violation. In this case, the Certification requests $2,150 in fees and $181 in costs related to work undertaken as a result of Mr. Ford's filing of the Petition in violation of Rule 9011. "However, the main purpose of Rule 11 is to deter, not to compensate." Antonelli, 2012 WL 280722, at *13 (citing Egnotovich v. Greenfield Twp. Sewer Auth., 304 Fed. Appx. 94, 98 (3d Cir.2008)). With this in mind, the Court finds that a sanction of $1,750, paid to Mr. Malloy, is sufficient to deter Mr. Ford from failing to conduct reasonable inquiries into his client's cases in the future, and to not make assertions in pleadings without factual or legal support.

### Inherent Powers to Sanction

Aside from Rule 9011 there are various sources of authority by which bankruptcy courts may impose sanctions including: (1) the Court's inherent power to sanction; or (2) under 11 U.S.C. § 105. In re Miller, 730 F.3d 198, 206 (3d Cir. 2013). Under section 105(a), a bankruptcy court is

authorized, sua sponte, to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." In re Antonelli, 2012 WL 280722, at *13 (Bankr. D.N.J. 2012). Such orders are necessary "'to protect the integrity of the Bankruptcy Code as well as the judicial process,'" and to enable bankruptcy courts to maintain order and control over the cases before them. Id. (quoting In re Arkansas Communities, Inc., 827 F.2d 1219, 1222 (8th Cir.1987)).

The Court's inherent power to sanction does not require compliance with the provisions of Rule 9011. Miller, 730 F.3d at 206. Thus, the Court has the authority to sanction Mr. Ford, despite any failure to comply with the safe harbor provisions or to file a motion to dismiss on the Creditor's part. See id. As such, even if the Creditor's failure to send a safe harbor letter or file a motion to dismiss are fatal flaws, the Court would, in the alternative, sanction Mr. Ford pursuant to section 105 of the Bankruptcy Code for the reason and in the amount and to the extent discussed supra.

Finally, the Creditor has requested the Court impose sanctions against Mr. Ford under 28 U.S.C. § 1927, which states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In this circuit, a court must find four elements present in an attorney's conduct before the court can impose sanctions under this provision, specifically the attorney must have: "(1) multiplied proceedings; (2) unreasonably and vexaciously; (3) thereby increasing the cost of the proceedings; and (4) with bad faith or with intentional misconduct." LaSalle Nat'l Bank v. First Connecticut Holding Group, LLC, 287 F.3d 279, 288 (3d Cir. 2002). The Court in Antonelli discussed sanctioning attorneys under this section at length, noting that many courts have held that "it is impossible for an attorney to vexaciously multiply proceedings by filing an initial pleading." 2012 WL 280722, at *16 (citing DeBauche v. Trani, 191 F.3d 499, 511–12 (4th Cir.1999), cert.

denied, 529 U.S. 1033 (2000). In this case, this is the Debtor's first bankruptcy filing, as such, imposing sanctions pursuant to 28 U.S.C. § 1927 would not be appropriate.

### Conclusion

For each of the reasons discussed above, the Motion is Granted.

Dated: September 25, 2019

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE